**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA

               Plaintiff                              Civil Action No.

               v.                                  Complaint

EDEN FARMS, LLC, GEORGE CLUFF, III
AND DIANA CLUFF

               Defendants

     The United State of America, by and through its attorneys, Frank J. Martone, P.C., states the following claims against defendants.

**JURISDICTION AND VENUE**

     1.     This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, 28 U.S.C. § 1345, and 28 U.S.C. § 3004.

     2.     Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the parties who are the subject of this transaction are domiciled in this district.

**PARTIES**

     1.  Plaintiff, acting through the United States Department of Agriculture Farm Service Agency ("FSA"), and agency of the Government of the United states of America, has its principal office at New Jersey State Office, 300 Clocktower Drive, Ste. 202, Hamilton Square, New Jersey 08690.

     2.  Defendant, **Eden Farms LLC** is joined as a party defendant to this action because this company borrowed under the Note.

     3.  Defendant, **George Cluff III** is joined as a party defendant to this action because he signed the Note.

4.   Defendant, **Diana Cluff** is joined as a party defendant to this action because she signed the Note.

## STATEMENT OF THE CLAIM

1.      Plaintiff is the holder and owner of a certain Promissory Note dated March 2, 2011 executed by Defendants George Cluff, III and Diana Cluff as individuals (hereinafter referred to as "Defendants") and as members of Eden Farms, LLC in the sum of $110,000.00. A copy of the Note is annexed hereto and made a part hereof as Exhibit A.

2.      The Note required that the Defendants pay the sum of $110,000.00, together with interest of 1.75% per annum on the unpaid balance, in seven (7) annual installments of $16,385.00 each, commencing March 2, 2012, and on the 2nd of each March thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not paid sooner, shall be due and payable on March 2, 2019.

3.      The Defendants defaulted in payment under the Note by failing to make the payment due on **June 26, 2013**. The last payment made by the Defendants was on November 18, 2013 in the amount of $94.00.

4.      The Note provides that the failure of Defendants to pay Plaintiff in the time and manner specified therein is a default under the Note.

5.      The Defendants have failed and refused to cure their default under the Note or otherwise to pay their contract debt thereunder.

6.      In accordance with the terms of the Note, Plaintiff has declared the entire unpaid principal plus accrued interest immediately payable in full. See the Notices of Acceleration sent June 11, 2014, annexed hereto as Exhibit B.

7      The Defendants are indebted to the United States for the following amounts:

Current principal balance:                                                  $95,202.46
(after application of all prior payments, credits, and offsets)

| Current Interest Balance: | $10,067.64 |
|---|---|
| Administrative Fee, Costs, Penalties: | $0.00 |

Total owed                                                                    $105,270.10
(exclusive of costs, pre-judgment interest, attorney's fees and costs,
and post-judgment interest).

8.      The Certificate of Indebtedness shows the total owed excluding attorney's fees and Court costs and related charges.  The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets.  Prejudgment interest accrues at the rate of $4.5659 per diem from the date stated in Certificate of Indebtedness.  A copy of the Certificate of Indebtedness is annexed hereto and made a part hereof as Exhibit C.

9.      Demand has been made upon the Defendants for payment of the indebtedness, and the Defendants have neglected and refused to pay the same. A copy of the demand letter dated December 6, 2017 is annexed hereto as Exhibit D.

WHEREFORE, the United States Department of Agriculture Farm Service Agency prays for judgment:

A.      For the sums set forth in paragraph 7 above, plus prejudgment interest through the date of judgment, all administrative costs, and service of process costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 with that interest on the judgment at the legal rate per annum until paid in full;

B.      For attorneys' fees allowed by law or contract; and

C.      For such other relief which the Court deems proper.

## DESIGNATION OF TRIAL COUNSEL

Frank J. Martone, Esq.,Dennis P. Uhlmann, Jr., Esq., and Christian Del Toro, Esq. are hereby designated as trial counsel(s) for the Plaintiff, United States Department of Agriculture Farm Service Agency, an Agency of the Government of the United States of America (herein referred to as "United States of America").

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

Dated: February 5, 2018                    Respectfully submitted,

*/s/ Christian Del Toro*
Christian Del Toro, Esq., Bar No. 210132016
FRANK J. MARTONE, P.C.
1455 BROAD STREET
BLOOMFIELD, NJ 07003
973-473-3000
973-473-3243 – Fax Number
ATTORNEY FOR THE UNITED STATES OF
AMERICA

**EXHIBIT "A"**

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

This form is available electronically.

| FSA-2026<br>(09-07-10) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

*COPY*

## PROMISSORY NOTE

| 1. Name<br>EDEN FARMS, LLC | | 2. State<br>NJ | 3. County<br>MORRIS   (PASSAIC) |
|---|---|---|---|
| 4. Case Number<br>35 014 ▓▓▓▓▓▓ | 5. Fund Code<br>44 | 6. Loan Number<br>01 | 7. Date<br>3-2-2011 |

| 8. TYPE OF ASSISTANCE<br>OL-Reg(Ex Yth)-7yr | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [×] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [ ] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* HACKETTSTOWN, NJ or at such other place as the Government may later designate in writing, the principal sum of *(b)* ONE HUNDRED TEN THOUSAND AND 00/100------------------ ------------------------ dollars *(c)* ($ 110,000.00 , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND THREE QUARTERS ---------------------------- percent *(e)* 1.75 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 7 installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 16,385.00 | 03-02-2012 | $ N/A | N/A |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ 16,385.00 thereafter on the *(e)* 2ND of each *(f)* MARCH until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 7 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial G.C.   Date 3/2/11
G.C.   3/2/11

FSA-2026 (09-07-10)                                                                                    Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms;

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _G. C._   Date _3/2/11_
        _DC_          _3/2/11_

FSA-2026 (09-07-10)                                                                                                     Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

AS MEMBERS OF EDEN FARMS, LLC:

_George Cluff III_____
GEORGE CLUFF III

_Dia Cluff_____
DIANA CLUFF


AS INDIVIDUALS:


_George Cluff III_____
GEORGE CLUFF III

_Dia Cluff_____
DIANA CLUFF

NOTE:     The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

**EXHIBIT "B"**

 

| United States Department of Agriculture | Farm and Foreign Agricultural Services | New Jersey Farm Service Agency 300 Clocktower Drive – Suite 202 Hamilton Square, NJ 08690 Phone – 609-587-0104 Fax – 609-587-0906 |

June 11, 2014

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED #70030500000469502696**

Eden Farms, LLC
Attention: Mr. & Mrs. George Cluff
638 Morsetown Road
West Milford, NJ  07480

**Subject:   NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mr. & Mr. Cluff:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable.  They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | March 2, 2011 | $110,000.00 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreements and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| Financing Statement | February 28, 2011 | NJ Department of Treasury | Filing #2592458-9 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reason for the acceleration of your indebtedness is as follows:

You are delinquent in your payments and you have transferred Collateral used to acquire your FSA loan to a third party without written permission from USDA. Therefore, you are in violation of your loan documents.

The indebtedness due is $95,202.46 unpaid principal, and $4,119.03 unpaid interest, as of July 11, 2014 plus additional interest accruing at the rate of $4.5645 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and to pursue any other available remedies.

Full payment may be made in any of the following ways:

(A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Officer of the Farm Service Agency at 101 Bilby Road, Building 1-H, Hackettstown, NJ 07840. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact the Farm Loan Manager immediately if you are interested in this.

(C) SALE

You may sell the collateral for your loans for its fair market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact the Farm Loan Manager immediately if you are interested in this.

(D) VOLUNTARY CONVEYANCE

You may convey all of your collateral to the Government. Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE
YOUR FSA DEBTS

UNITED STATES OF AMERICA

BY

Kevin P. Murphy,
Chief, Farm Loan Programs

cc:    State Executive Director, FSA, Hamilton Square, NJ
       District Director, Hamilton Square, NJ
       Farm Loan Officer, Hackettstown, NJ

USDA is an equal opportunity provider and employer. To file a complaint of discrimination, write: USDA, Office of
the Assistant Secretary for Civil Rights, Office of Adjudication, 1400 Independence Ave., SW, Washington, DC
20250-9410 or call (866) 632-9992 (Toll-free Customer Service), (800) 877-8339 (Local or Federal relay), (866)
377-8642 (Relay voice users).

 

| United States | Farm and Foreign | New Jersey Farm Service Agency |
| Department | Agricultural Services | 300 Clocktower Drive – Suite 202 |
| of Agriculture | | Hamilton Square, NJ 08690 |
| | | Phone - 609-587-0104 |
| | | Fax – 609-587-0906 |

June 11, 2014

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED #70030500000469502689**

Mr. George Cluff, III
638 Morsetown Road
West Milford, NJ   07480

**Subject:     NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM
SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mr. Cluff:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable.  They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | March 2, 2011 | $110,000.00 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreements and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| Financing Statement | February 28, 2011 | NJ     Department     of Treasury | Filing #2592458-9 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reason for the acceleration of your indebtedness is as follows:

You are delinquent in your payments and you have transferred Collateral used to acquire your FSA loan to a third party without written permission from USDA. Therefore, you are in violation of your loan documents.

The indebtedness due is $95,202.46 unpaid principal, and $4,119.03 unpaid interest, as of July 11, 2014 plus additional interest accruing at the rate of $4.5645 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and to pursue any other available remedies.

Full payment may be made in any of the following ways:

(A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Officer of the Farm Service Agency at 101 Bilby Road, Building 1-H, Hackettstown, NJ 07840. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact the Farm Loan Manager immediately if you are interested in this.

(C) SALE

You may sell the collateral for your loans for its fair market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact the Farm Loan Manager immediately if you are interested in this.

(D) VOLUNTARY CONVEYANCE

You may convey all of your collateral to the Government. Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS

UNITED STATES OF AMERICA

BY

Kevin P. Murphy,
Chief, Farm Loan Programs

cc:    State Executive Director, FSA, Hamilton Square, NJ
District Director, Hamilton Square, NJ
Farm Loan Officer, Hackettstown, NJ

USDA is an equal opportunity provider and employer. To file a complaint of discrimination, write: USDA, Office of the Assistant Secretary for Civil Rights, Office of Adjudication, 1400 Independence Ave., SW, Washington, DC 20250-9410 or call (866) 632-9992 (Toll-free Customer Service), (800) 877-8339 (Local or Federal relay), (866) 377-8642 (Relay voice users).

 

| | | |
|---|---|---|
| **United States**<br>**Department**<br>**of Agriculture** | **Farm and Foreign**<br>**Agricultural Services** | New Jersey Farm Service Agency<br>300 Clocktower Drive – Suite 202<br>Hamilton Square, NJ 08690<br>Phone - 609-587-0104<br>Fax – 609-587-0906 |

June 11, 2014

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED #70030500000469502672**

Mrs. Diana Cluff
638 Morsetown Road
West Milford, NJ   07480

**Subject:    NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM
SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mrs. Cluff:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | March 2, 2011 | $110,000.00 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreements and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| Financing Statement | February 28, 2011 | NJ Department of Treasury | Filing #2592458-9 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reason for the acceleration of your indebtedness is as follows:

You are delinquent in your payments and you have transferred Collateral used to acquire your FSA loan to a third party without written permission from USDA. Therefore, you are in violation of your loan documents.

The indebtedness due is $95,202.46 unpaid principal, and $4,119.03 unpaid interest, as of July 11, 2014 plus additional interest accruing at the rate of $4.5645 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and to pursue any other available remedies.

Full payment may be made in any of the following ways:

(A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Officer of the Farm Service Agency at 101 Bilby Road, Building 1-H, Hackettstown, NJ 07840. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact the Farm Loan Manager immediately if you are interested in this.

(C) SALE

You may sell the collateral for your loans for its fair market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact the Farm Loan Manager immediately if you are interested in this.

(D) VOLUNTARY CONVEYANCE

You may convey all of your collateral to the Government. Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE
YOUR FSA DEBTS

UNITED STATES OF AMERICA

BY

Kevin P. Murphy,
Chief, Farm Loan Programs

cc:    State Executive Director, FSA, Hamilton Square, NJ
       District Director, Hamilton Square, NJ
       Farm Loan Officer, Hackettstown, NJ

USDA is an equal opportunity provider and employer. To file a complaint of discrimination, write: USDA, Office of
the Assistant Secretary for Civil Rights, Office of Adjudication, 1400 Independence Ave., SW, Washington, DC
20250-9410 or call (866) 632-9992 (Toll-free Customer Service), (800) 877-8339 (Local or Federal relay), (866)
377-8642 (Relay voice users).

**EXHIBIT "C"**

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY

UNITED STATES OF AMERICA,

                    Petitioner

       v.

Eden Farms, LLC

                    Respondent

## CERTIFICATE OF INDEBTEDNESS
## DECLARATION OF KEVIN P. MURPHY

Kevin P. Murphy, Chief, Farm Loan Programs – New Jersey State Office, United States Department of Agriculture Farm Service Agency, hereby declares and says that:

1.      I am the Chief of Farm Loan Programs at the New Jersey State Office of the Farm Service Agency ("FSA"), United States Department of Agriculture ("USDA") and in that capacity supervise certain farm loans made by FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 *et seq.*

2.      In such capacity, I have knowledge of pertinent facts in the above-captioned matter.

3.      The defendant in the above-captioned matter has defaulted on the loans more fully identified in the Complaint because of failure to make payments as they were due.

4.      FSA accelerated the defendant's loan(s) on June 11, 2014, after offering the defendant the opportunity to apply for various loan servicing options that are provided in FSA's regulations at 7 C.F.R. Part 1951-S (now 7 C.F.R. Part 766).

5.    I have searched FSA's records and have knowledge of the amounts due for principal, interest and other payments due under the terms of the loans more fully identified in the Complaint. The following are the pay-off amounts as of September 30, 2017:

| No. | Loan Amount | Date of Loan | Unpaid Prin. | Unpaid Interest | D/A | Total |
|-----|-------------|--------------|--------------|-----------------|-----|-------|
| 44-01 | $110,000.00 | 03/02/2011 | $95,232.46 | $9,487.78 | $4.5659 | $104,720.24 |
| | | | | **TOTAL** | $4.5659 | $104,720.24 |

Based on the above:

The total balance due is:  $104,720.24

The principal balance due is:  $95,232.46

The current interest balance due is:  $9,487.78

The daily interest, after September 30, 2017, is: $4.5659

The last payment made on this account was $94.00 made on November 18, 2013

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and ability.  Further, I am duly authorized by the United States Department of Agriculture to make this declaration.

Executed August 25, 2017.

KEVIN P. MURPHY

Chief, Farm Loan Programs
U.S. Department of Agriculture
Farm Service Agency
New Jersey State Office

**EXHIBIT "D"**

United States Department of Justice
Nationwide Central Intake Facility (NCIF)
2 Constitution Square
145 N. Street, NE 6W.316
Washington, DC 20530



December 6, 2017

Eden Farms, Llc
638 Morsetown Road
West Milford, NJ 07480

Re:     **Case Name**          US VS Eden Farms,

        **Total Amount Due:**     **$104,720.24**
        **Payment Due Date:**     **Immediately**

*This is a demand for payment of the above-referenced debt. If you are currently represented by an attorney, please advise this office so that future correspondence may be directed to your attorney.*

Dear Eden Farms, Llc:

The DEPARTMENT OF AGRICULTURE has referred your debt in the above referenced amount to the United States Attorney Office/New JerseyPrivate Counsel Office FRANK J. MARTONE, P.C. District to initiate a federal court legal action against you and may obtain a civil judgment in the United States District Court for the collection of this debt. In the event an action is filed, that office will seek additional costs and fees which will be added to your debt.

**To avoid legal action against you and further increases to the amount you owe, you should pay this debt in full, immediately upon receipt of this letter, or contact the United States Attorney Office /New JerseyPrivate Counsel Office FRANK J. MARTONE, P.C. District at 973-473-3000 to discuss this debt. If you or your attorney does not contact this office the following may occur:**

- o   The federal court can enter a judgment ordering you to pay. Judgments do not expire and may appear on your credit report.
- o   A lien may be placed on any property you own, which means you cannot sell or transfer your property until the debt has been paid in full.
- o   Enforcement of the judgment may include attachment or execution of your non-exempt personal property, offset of your federal tax refund, and garnishment of your wages.

**Act now and prevent the above actions from happening to you.**

How do you pay your debt?
- •   **Pay Online:** Visit https://pay.gov/public/form/start/5137251
- •   **Pay by Mail:** Send a check or money order payable to the U.S. Department of Justice in the enclosed, self-addressed envelope and include your name and the above referenced account number on the face of your check. To pay by debit card, use the form on the back of this letter.

Sincerely,
United States Department of Justice
Debt Collection Management
Nationwide Central Intake Facility

Debit Card Type_____
Card No._____
Expiration Date_____
Payment Amount_____

If payment amount is not indicated, I authorize the
Department of Justice to charge my card for the payment
amount due.

Signature_____

☐   Check here for change of address and notate below.

| Name | Eden Farms, Llc |
|---|---|
| Payment Due Date | Immediately |
| Total Amount Due | $104,720.24 |
| Amount Enclosed | |

MAIL COUPON TO;
US DEPARTMENT OF JUSTICE
NATIONWIDE CENTRAL INTAKE FACILITY
P.O. Box 790363
St. Louis, MO 63179-0363

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES DEPARTMENT OF AGRICULTURE FARM SERVICE AGENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christian Del Toro. Esq.
Law Office of Frank Martone, P.C.
1455 Broad Street, Bloomfield, NJ 07003

## DEFENDANTS
GEORGE CLUFF, III AND DIANA CLUFF

County of Residence of First Listed Defendant    PASSAIC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. SEC.1345 AND 28 U.S.C. SEC.3004
Brief description of cause:
Complaint for default on promissory note with the Department of Agriculture

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  2-5-2018

SIGNATURE OF ATTORNEY OF RECORD
/s/Christian Del Toro

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____